IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SUEDE JEFFREY SHUTTLE,<br><br>Defendant. | CR 19–59–M–DWM<br><br><br><br>ORDER |

      On October 26, 2022, a Petition for Warrant for Offender Under Supervision was issued alleging three violations of the terms of Defendant Suede Jeffrey Shuttle's supervised release. (*See* Doc. 55.) On January 17, 2023, Shuttle was deemed incompetent to proceed and committed to the custody of the Attorney General for competency restoration proceedings. (*See* Docs. 68, 72.) On July 5, 2023, the Court received a Certificate of Restoration of Competency and Forensic Evaluation from the Bureau of Prisons ("BOP"), indicating that restoration proceedings were completed and finding that Shuttle is competent to proceed. (*See* Doc. 75.) Subsequently, Shuttle filed a motion to dismiss the pending revocation petition for undue delay under 18 U.S.C. § 4241(d). (Doc. 80.) A hearing was held on August 23, 2023. *See* 18 U.S.C. § 4241(e).

1

For the reasons discussed on the record and below, Shuttle's motion to dismiss is denied, he is declared competent to proceed, and he is revoked as reflected in the Revocation Judgment, (*see* Doc. 87).

I.      **Motion to Dismiss**

Pursuant to 18 U.S.C. § 4241(d)(1), the Court can commit a defendant to the custody of the Attorney General "for . . . a reasonable period of time[] not to exceed four months for competency restoration procedures." On August 16, 2023, Shuttle filed a motion to dismiss the pending revocation petition on the ground that he was hospitalized "twenty days longer" than the four months permitted by statute. (*See* Docs. 80, 81 at 6.) The BOP provided a letter to the Court on March 2, 2023, indicating that Shuttle's evaluation began on February 28, 2023 and would end on June 27, 2023. (Doc. 74.) That letter further stated that the "staff will attempt to complete the evaluation as soon as possible and have a final report to the Court within 14 working days of the end date." (*Id.*) Ultimately, BOP completed Shuttle's evaluation by July 3, 2023, and that evaluation was received by the Court on July 6. (*See* Docs. 75, 75-1, 75-2.) Shuttle's motion is premised on the delay from June 27, when his evaluation period ended, to July 17, when he was transported out of FMC Butner. (*See* Doc. 81 at 6.)

"The Constitution does not permit any portion of a defendant's commitment under 18 U.S.C. § 4241(d) to last indefinitely." *United States v. Donnelly*, 41 F.4th

2

1102, 1106 (9th Cir. 2022) (per curiam). Although the Ninth Circuit has declined to rule " as to the maximum allowable length of a pre-hospitalization commitment period[,]" it held in *Donnelly* that when a defendant is hospitalized under § 4141(d)(1), the period of pre-hospitalization time cannot exceed the 4 months given for hospitalization itself. *Id.* Because this case regards *post*-hospitalization delay, it does not necessarily fall within the four corners of *Donnelly*. Nevertheless, *Donnelly* provides useful guidance.

In assessing the time limits imposed under § 4241, the *Donnelly* court explained that the duration of a defendant's pre-hospitalization commitment must "bear some reasonable relation" to the underlying purpose of the commitment. *Id.*; *Jackson v. Indiana*, 406 U.S. 715, 738 (1972) ("At the least, due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed."). In the pre-hospitalization context, the Ninth Circuit concluded that such a "reasonable relation" was lacking to the extent the purpose of the commitment "is simply to identify an appropriate facility and arrange for the defendant's transportation to the facility." *Donnelly*, 41 F.4th at 1106. However, the *post*-hospitalization context, at least under the facts of this case, is distinguishable. Here, the BOP took less than a week to prepare a final competency evaluation and certification. (*See* Doc. 75, 75-1, 75-2.) Therefore, the reason for the delay was the very purpose for which restoration proceedings were

3

undertaken in the first place: to determine the defendant's competency. And, it was not until the BOP determined that Shuttle was competent—i.e., finished its report—that the facility could request that Shuttle be transported back to this District. This is especially so here, where, prior to conviction, Shuttle's restoration procedures were extended more than once. Shuttle was then transported less than two weeks after the evaluation was completed.

Nevertheless, after Shuttle left FMC Butner, it took over a month for him to be returned to the District of Montana. This delay is also concerning because while the Speedy Trial Act prevents unreasonable delays in transportation prior to conviction, *see* 18 U.S.C. § 3161(h)(1)(F), there are no such limits in the revocation context. But even assuming this transportation delay is incompatible with the timeframes outlined under § 4241(d)(1), the Court must assess the proper remedy. As was the case in *Donnelly*, given the comparatively limited nature of the delay and the fact that Shuttle has since been successfully returned to the District, dismissal is not appropriate. *See* 41 F.4th at 1107–08. While the Court remains concerned about unwarranted delay in the transportation and hospitalization of defendants in mental competency proceedings, Shuttle's motion to dismiss (Doc. 80) is denied.

## II. Competency

On July 6, 2023, the Court received a forensic evaluation from Dr. Evan Du

4

Bois, a Forensic Psychologist at FCI Butner, as well as a "Certificate of Competency." (*See* Docs, 75, 75-1.) According to Dr. Du Bois, Shuttle initially presented with delusional beliefs and was often hostile and agitated. (Doc. 75 at 4.) He also refused medication and was ultimately medicated over his objection beginning on April 13, 2023. (*Id.*) Medication was successful, and by a week later Shuttle "demonstrated an improvement in his overall demeanor" as well as a willingness to voluntarily continue to take his medication. (*Id.* at 4–5.) Shuttle continued to improve and was released into the general population on May 1, 2023. (*Id.* at 5.)

Shuttle's diagnoses remain largely unchanged from his previous competency proceedings: he suffers from schizophrenia and methamphetamine use disorder. (*Id.*) His delusion beliefs remain quite fixed and focus on two concepts: (1) a $10 million check that was stolen and (2) family and medical staff attempting to harm him or take his guns. (*Id.* at 6.) Ultimately, his prognosis is described as "fair" insofar as "he suffers from a chronic mental illness, which requires ongoing treatment with antipsychotic medication." (*Id.* at 7.) As it relates to his understanding of his case, Shuttle is aware that he is in custody for a "probation violation" for failing to abide by the conditions of his supervision, including failing to take his medication. (*Id.*) Of some concern, Shuttle stated that he should be able to "make [his] own choices." (*Id.*) Yet he understands the potential penalties

5

for being found in violation and his options to proceed either by admitting or denying the alleged conduct. (*Id.* at 7–8.) He also understands the role of the Court and defense counsel and was able to discuss his rights. (*Id.* at 8.) Ultimately, while Shuttle suffers from chronic mental illness and has continuing symptoms, Dr. Du Bois concluded that these symptoms "no longer interfere with his abilities to rationally understand the proceedings against him, communicate effectively with counsel, assist in his own defense, rationally evaluate the evidence, or testify relevantly." (*Id.* at 9.) Dr. Du Bois therefore opined that Shuttle is competent to proceed, "contingent upon the continued administration and compliance of his current psychotropic medication regimen." (*Id.*) Dr. Du Bois's testified consistently with the above at the August 23 hearing, emphasizing that Shuttle's mental stability depends entirely on structured medication and continued treatment.

Based on the foregoing, the Court "finds by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense." 18 U.S.C. § 4241(e).

Accordingly, IT IS ORDERED that:

(1) Shuttle's motion to dismiss (Doc. 80) is DENIED;

(2) Shuttle is declared COMPETENT and he is DISCHARGED from his

6

hospitalization; and

(3) Shuttle is revoked and sentenced as reflected in the Revocation Judgment, (*see* Doc. 87).

DATED this 24th day of August, 2023.

_____
Donald W. Molloy, District Judge
United States District Court